FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Nov 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEAU ARMSTRONG,<br><br>         Plaintiff,<br><br>  v.<br><br>ATRIUM MEDICAL CORP. and MAQUET CARDIOVASCULAR US SALES, LLC,<br><br>         Defendants. | No. 1:22-cv-03007-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION<br><br>**ECF No. 15** |

Before the Court is Defendants Atrium Medical Corporation ("Atrium")

and Maquet Cardiovascular US Sales, LLC's ("Maquet") Motion to Dismiss

Complaint, ECF No. 15.  On September 1, 2022, the Court heard argument from

the parties.  Plaintiff was represented by Troy A. Brenes and Maria S. Diamond.

Defendants were represented by Thomas D. Adams and Paul A. LaFata.  For the

reasons stated below, the Court grants in part and denies in part Defendants' Rule

12(b)(6) Motion.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 1

**BACKGROUND**

Plaintiff underwent hernia repair surgery in 2018. ECF No. 1 at 8. Plaintiff's surgeon inserted ProLite, a polypropylene surgical mesh, into Plaintiff's abdomen. ECF No. 1 at 8. Approximately two years later, Plaintiff's hernia reoccurred, and he underwent revision surgery. ECF No. 1 at 8. Plaintiff alleges that the reoccurrence and other injuries he incurred are the result of the insertion of the ProLite mesh. ECF No. 1 at 2, 8-10. Plaintiff brought suit against Defendants Atrium, Maquet, and Getinge AB ("Getinge"), related corporations,[1]

---

[1] Defendant Getinge wholly owns Getinge Holding USA, Inc. ("Holding USA"). ECF No. 20 at 2. Holding USA wholly owns Getinge Holding USA II, Inc. ("Holding USA II"). ECF No. 20 at 2. Holding USA II wholly owns Datascope Corporation. ECF No. 20 at 2. Datascope Corporation wholly owns Defendant Atrium. In 2011, Defendant Getinge acquired Defendant Atrium through Datascope Corporation. ECF No. 1 at 2; ECF No. 20 at 2; ECF No. 32 at 5. Defendant Getinge also wholly owns Defendant Maquet. ECF No. 1 at 3. By separate order, the Court granted Defendant Getinge AB's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 18, and dismissed Defendant Getinge AB from this matter. ECF No. 35.

1   alleging against each various tort claims and a contract claim under the

2   Washington Products Liability Act ("WPLA") for each Defendant's alleged role

3   in designing, manufacturing, and distributing the ProLite mesh.  ECF No. 1 at 2,

4   9-10.  Specifically, Plaintiff asserts the following claims under the WPLA:

5   (1) Design Defect, (2) Manufacturing Defect, (3) Failure to Warn, (4) Breach of

6   Warranty (Express and Implied), (5) Negligence, and (6) Negligent

7   Misrepresentation.  ECF No. 1 at 9-10.  Plaintiff seeks damages, including

8   punitive damages.  ECF No. 1 at 10-11.

9       Defendants seek dismissal alleging Plaintiff inadequately pled facts with

10  respect to each of the claims, excluding negligence.  ECF No. 15 at 3-11.

11  Defendants argue Plaintiff's negligence claim is precluded as a matter of law.

12  ECF No. 15 at 11.  Defendants also assert that Plaintiff cannot recover punitive

13  damages as a matter of law.  ECF No. 15 at 11-12.

14                          **LEGAL STANDARD**

15  **A. Federal Rule of Civil Procedure 12(b)(6)**

16      Rule 8(a)(2) requires a pleading to include "a short and plain statement of

17  the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).

18  If the complaint is devoid of a cognizable legal theory or it lacks "sufficient facts

19  alleged under a cognizable legal theory" a court must dismiss under Rule 12(b)(6).

20  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 3

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged." *Luther v. Bos. Sci. Corp.*, No. 4:20-CV-05085-SMJ, 2020 WL 12833586, at *2 (E.D. Wash. Sept. 2, 2020) (citing *Iqbal*, 556 U.S. at 678). The requisite reasonable inference can be made when a plaintiff has pled facts, not just conclusory statements or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When analyzing the arguments in Defendants' Rule 12(b)(6) motion, the Court must presume that all facts pled in the Complaint are true and draw all reasonable inferences from them in his favor. *Twombly*, 550 U.S. at 555-56. The Court is not required, however, to accept a legal conclusion as true when it is masquerading as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**B. Washington Products Liability Act ("WPLA")**

The Washington legislature enacted the WPLA in 1981 to create a single cause of action for products liability cases. *Bylsma v. Burger King Corp.*, 293 P.3d 1168, 1170 (Wash. 2013). The WPLA is "the exclusive remedy for product

1   liability claims." *Macias v. Saberhagen Holdings, Inc.*, 282 P.3d 1069, 1073

2   (Wash. 2012). It allows a plaintiff to seek relief for "harm caused by the

3   manufacture, production, making, construction, fabrication, design, formula,

4   preparation, assembly, installation, testing, warnings, instructions, marketing,

5   packaging, storage or labeling of [a] product." RCW § 7.72.010(4). The WPLA

6   replaced any previously existing common law remedies "except fraud,

7   intentionally caused harm or a claim or action brought under the consumer

8   protection act." *Id.*; *Wash. Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199,

9   1202–05, 1207, *amended sub nom. Wash. Power Co. v. Graybar Elec. Co.*, 779

10  P.2d 697 (Wash. 1989); *Wash. State Physicians Exch. & Ass'n v. Fisons Corp.*,

11  858 P.2d 1054, 1066 (Wash. 1993); *La.-Pac. Corp. v. ASARCO Inc.*, 24 F.3d

12  1565, 1584 (9th Cir. 1994).

13  **ANALYSIS**

14  **A. Claims Challenged**

15  *1. Design Defect Claim is Sufficiently Pled*

16  Plaintiff alleges that Defendants defectively designed the ProLite mesh.

17  ECF No. 1 at 9. A sufficient design defect claim requires Plaintiff to allege "that,

18  at the time of manufacture, the likelihood that [the ProLite Mesh] would cause

19  plaintiff's harm or similar harms, and the seriousness of those harms, outweighs

20  [Defendants'] burden to design a product that would have prevented those harms

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 5

and the adverse effect" a practical, feasible alternative design would have on the product's usefulness.  RCW § 7.72.030(1)(a).  Defendants contend that Plaintiff's claim is insufficiently plead.  ECF No. 15 at 3-6.

There are two tests under which a plaintiff may assert a defendant is liable for a defectively designed product: (1) Risk Utility or (2) Consumer Expectations. *Thongchoom v. Graco Children's Prod., Inc.*, 71 P.3d 214, 217 (Wash. Ct. App. 2003).  Each has its own requirements.  The Risk Utility Test requires, among other things, that Plaintiff establish a feasible alternative design.  *See id.*  Plaintiff has not pled any facts regarding Defendants' burden to create a practical, feasible alternative design.  Indeed, Plaintiff concedes this point.  ECF No. 21 at 4 ("Here, the consumer expectation test applies and Plaintiff is not required to allege a feasible alternative design.").  Accordingly, Plaintiff has failed to meet the pleading requirements under the Risk Utility Test.  Plaintiff may nevertheless establish Defendants' manufacturer liability by showing the "[the ProLite mesh] was unsafe to an extent beyond that which would be contemplated by the ordinary consumer."  RCW § 7.72.030(3); *Thongchoom*, 71 P.3d at 218.  The ordinary

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 6

consumer being Plaintiff, not Plaintiff's physician or surgeon as Defendants

contend.[2] *Thongchoom*, 71 P.3d at 218.

─────────────────────

[2] In 1987, the Washington Supreme Court held the Learned Intermediary Doctrine

applies to failure to warn claims regarding medical devices brought under the

WPLA. *Terhune v. A. H. Robins Co.*, 577 P.2d 975, 978-80 (Wash. 1978).

Washington Courts "have consistently reiterated *Terhune*'s central principle that a

manufacturer satisfies its duty to warn patients of product risks by warning the

prescribing physician, who then takes on the responsibility of communicating those

warnings to the patient." *Dearinger v. Eli Lilly & Co.*, 510 P.3d 326, 329 (2022)

(listing cases). The Washington Supreme Court applied the Learned Intermediary

Doctrine to the failure to warn claims in *Taylor v. Intuitive Surgical, Inc.*, 389 P.3d

517 (Wash. 2017), *Young v. Key Pharm., Inc.*, 922 P.2d 59 (1996) (plurality

opinion), and *Rublee v. Carrier Corp.*, 428 P.3d 1207 (2018). It also analyzed why

it was not applicable to a failure to warn claim in *Ruiz-Guzman v. Amvac Chem.*

Corp., 7 P.3d 795 (2000). These cases do not, however, apply the doctrine to

design defect claims. *Dearinger*, 510 P.3d at 331-35; *Taylor*, 389 P.3d at 524-26;

*Young*, 922 P.2d at 67-68; *Rublee*, 428 P.3d at 1214-19; *Ruiz-Guzman*, 7 P.3d at

800-02. Defendants have not established that the doctrine applies to design defect

claims under the WPLA.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 7

1    Plaintiff alleges the following: (1) the ProLite mesh is "typically made

2    wholly or partly of polypropylene" which is a petroleum-based plastic, and

3    polypropylene is not biologically inert; (2) Defendant Atrium changed the design

4    of the ProLite mesh by replacing the approved polypropylene resin with one that

5    did not contain antioxidant additives, and Defendant Atrium made this change

6    without obtaining clearance from the FDA; (3) Defendant Atrium also made this

7    change despite information that the replacement polypropylene resin it had chosen

8    in the design change was not approved for permanent human implantation.  ECF

9    No. 1 at 4, 6.  Moreover, Plaintiff asserts that the insertion of surgical mesh,

10    generally, can cause inflammation among other contemporaneous ailments, ECF

11    No. 1 at 4, and the insertion of the ProLite mesh (with "unstabilized

12    polypropylene") can cause serious medical problems and complications.  ECF No.

13    1 at 7.  Complications are alleged to arise as the mesh degrades in the human

14    body.  ECF No. 1 at 5, 7.

15    Plaintiff had a parastomal hernia repaired using the ProLite mesh in 2018.

16    ECF No. 1 at 8.  Plaintiff's hernia reoccurred, and he suffered the "onset of severe

17    groin pain."  ECF No. 1 at 8.  Plaintiff alleges that the unit of the ProLite mesh

18    that had been used in Plaintiff's 2018 surgery "eroded into Plaintiff's bowel and

19    caused a peristomal abscess which had fistulized to the skin."  ECF No. 1 at 8.  As

20    a result, Plaintiff is alleged to have suffered "permanent injuries, substantial pain

and suffering, and emotional distress." ECF No. 1 at 8. Plaintiff asserts he had not incurred those physical or emotional injuries prior to surgery in 2018. ECF No. 1 at 8.

By assuming these facts as true and drawing all reasonable inferences from them in Plaintiff's favor, the Court finds that Plaintiff has stated a claim that is plausible on its face. Thus, the Court denies Defendants' motion as to Plaintiff's Design Defect Claim.

### 2. *Manufacturing Defect Claim is Insufficiently Pled*

Plaintiff alleges that Defendants defectively manufactured the ProLite mesh. ECF No. 1 at 9. Defendants contend that Plaintiff's claim is insufficiently pled. ECF No. 15 at 6-7. A sufficient manufacturing defect claim requires Plaintiff to allege when the ProLite mesh left the control of Defendants, the ProLite mesh "deviated in some material way from the design specifications or performance standards of the [Defendants], or deviated in some material way from otherwise identical units of the same product line." RCW § 7.72.030(2)(a). A successful manufacturing defect claim also requires Plaintiff to assert the alleged manufacturing defect is the proximate cause of Plaintiff's injuries. RCW § 7.72.030(1); *Hernandez v. Johnson & Johnson*, No. 4:20-CV-05136-SMJ, 2021 WL 320612, at *4 (E.D. Wash. Jan. 8, 2021); *see* WPI 110.02 Manufacturer's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 9

Duty—Design, 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 110.02 (7th ed.).

Here, Plaintiff argues that he pled facts that the product deviated in some material way from the design specifications.[3]  ECF No. 21 at 5 referring to ECF No. 1 at 4.  Specifically, Plaintiff's Complaint alleges Defendant Atrium (1) altered the design of the ProLite mesh when it replaced the product's polypropylene resin with one that did not contain antioxidant additives; and (2) made this change without clearance from the FDA.  ECF No. 1 at 6.  Accordingly, Plaintiff sufficiently alleged that the ProLite mesh deviated from authorized design specifications.  However, Plaintiff fails to allege how this deviation harmed him.  Plaintiff pleads numerous facts alleging how this deviation leaves the product more susceptible to oxidative degradation, which can lead to inflammation, infection, erosion, or chronic pain.  ECF No. 1 at 6.  The listed harms that can generally occur to the public at large does not satisfy Plaintiff's requirement to state how the deviation from authorized design specifications harmed him personally.  Even when the Court construes the Complaint in the light

---

[3] Plaintiff does not plead any facts alleging the specific unit of ProLight mesh used in the 2018 surgery deviated from some material way from otherwise identical units of the same product line.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 10

most favorable to Plaintiff, his claim cannot survive Defendants' Rule 12(b)(6) motion given that he does not allege the design defect was the proximate cause of his injuries. *See Hernandez*, No. 4:20-CV-05136-SMJ, 2021 WL 320612, at *4. Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's Manufacturing Defect Claim.

### 3. Failure to Warn Claim is Insufficiently Pled

Plaintiff alleges that Defendants did not provide adequate warnings about and instructions for the ProLite mesh. ECF No. 1 at 9. Defendants contend that Plaintiff's claim is insufficiently pled. ECF No. 15 at 6-9. To state a claim for failure to warn, the WPLA requires Plaintiff to plead facts supporting that "(1) [the ProLite mesh] (2) was not reasonably safe . . . because of lack of adequate warning or instructions, which (3) caused harm to the plaintiff." *O'Connell v. MacNeil Wash Sys. Ltd.*, 409 P.3d 1107, 1112 (Wash. Ct. App. 2017); RCW § 7.72.030(1)(b); RCW 7.72.030(1). In general, a manufacturer's warnings or instructions must be given to the end consumer. *Terhune v. A.H. Robins Co.*, 577 P.2d 975, 977 (Wash. 1978). However, when the product is a medical device, like the ProLite mesh, "the manufacturer's duty to provide warnings to patients transfers to the doctor, who is in a better position to communicate them to the patient." *Taylor v. Intuitive Surgical, Inc.*, 389 P.3d

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 11

517, 524 (Wash. 2017). Here, Defendants were required to adequately warn Plaintiff's surgeon.

Plaintiff pleads that his surgeon "used the ProLite as directed for its intended purpose." ECF No. 1 at 9. Plaintiff fails to allege that his surgeon was inadequately warned or instructed as required by Washington law. Instead, he pleads that he, himself, was inadequately warned, as was the public at large. ECF No. 1 at 11. This alone renders his claim deficient pled. Plaintiff's Complaint is also devoid of factual allegations demonstrating that Defendants' failure to warn Plaintiff's surgeon was the proximate cause of his injuries as required by statute. For these reasons, the Court grants the motion to dismiss as to Plaintiff's Failure to Warn Claim.

### 4. *Breach of Warranty Claims are Insufficiently Pled*

Plaintiff alleges that Defendants breached both express and implied warranties. ECF No. 1 at 2, 9. Defendants assert these claims are insufficiently pled. ECF No. 15 at 9-10. A product manufacturer is subject to liability for injuries caused by a product, where the product was not reasonably safe because it did not conform to the manufacturer's express or implied warranties. RCW § 7.72.030(2). Plaintiff's first reference to an alleged breach of warranty is contained in a list that details the Complaint's forthcoming claims. ECF No. 1 at 2. The second reference to an alleged breach of warranty mentions only how

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 12

1 Defendants breached the implied warranties of merchantability.  ECF No. 1 at 9.

2 Plaintiff makes no other mention of warranties in his nineteen-page complaint.

3 Nor does Plaintiff make any assertion regarding contractual privity between the

4 parties.  *Thongchoom*, 71 P.3d at 219 ("Generally, contractual privity between the

5 buyer and seller must exist before a plaintiff may maintain an action for a breach

6 of warranty.").  Plaintiff's brief mention of the words "express warranty" and the

7 conclusory allegation of a breach of implied warrant is facially insufficient.

8 Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's

9 Breach of Warranties Claims.

10      *5.  Negligent Misrepresentation Claim is Insufficiently Pled*

11      Plaintiff attempts to raise a claim of negligent misrepresentation.[4]   ECF

12 No. 1 at 2.  Defendants claim this claim is insufficiently pled.  ECF No. 15 at 10-

───────────────

14 [4] Plaintiff introduces this claim in the Complaint's introduction within a list of the

15 forthcoming claims.  ECF No. 1 at 2.  Plaintiff does not mention such a claim or

16 provide any facts to support it anywhere else in the Complaint.  The only other

17 mention of misrepresentation is in Plaintiff's request for punitive damages.  There,

18 he states Defendants concealed the significant risks and serious dangers of the

19 ProLite mesh from him, his medical team, and other consumers.  ECF No. 1 at 10-

20 11.  This is a conclusory allegation and is not sufficient.  Moreover, Plaintiff's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 13

11.   A negligent misrepresentation claim is subject to a heightened pleading standard, as it is a claim "grounded in fraud" under Rule 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1107 (9th Cir. 2003).  To state a claim which is grounded in fraud, Plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)); *see* Fed. R. Civ. P. 9(b).  Plaintiff makes no reference to a time at which or place in which a misrepresentation is alleged to have occurred.  Accordingly, Plaintiff has failed to make the requisite allegations for a claim grounded in fraud.  The Court grants Defendants' motion to dismiss as to the Negligent Misrepresentation claim.

---

mere mention of the words "negligent misrepresentation" in a list preceding the factual and legal bases contained in the Complaint, ECF No. 1 at 10-11, is factually insufficient.  However, the Court will analyze the claim as if Plaintiff had properly asserted it.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

### 6. *Negligence Claim is Precluded as a Matter of Law*

In the Complaint, Plaintiff alleges Defendants were negligent.[5]  ECF No. 1 at 2, 9.  Defendants contend a negligence claim is precluded as a matter of law. When enacted in 1981, the WPLA preempted any previously existing common law remedies for injuries from products.  *Graybar Elec. Co.*,774 P.2d at 1202–05, 1207; *Macias*, 282 P.3d at 1073; RCW § 7.72.010(4).  Accordingly, any negligence-theory-based, products liability claim is legally barred so long as "substantially all of the events that caused the harm underlying the claim occurred" after July 26, 1981.  *City of Seattle v. Monsanto Co.*, 237 F.Supp.3d 1096, 1103 (W.D. Wash. 2017).  This preemption exists despite the WPLA's use

---

[5] In his response to Defendants' Rule 12(b)(6) motion, Plaintiff contends he "has not asserted any formal claims for negligence[.]"  ECF No. 21 at 9.  Yet, in the next sentence, Plaintiff states the standard for bringing a *cause of action* for negligence.  ECF No. 21 at 12.  At the hearing, Plaintiff stated that he did not intend to bring a common law negligence claim, but he did seek to utilize the "negligence standard" as defined in the WPLA.  Because of the discrepancies in Plaintiff's position, the Court will analyze whether Plaintiff can bring a negligence claim under the WPLA.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 15

of the word "negligence" when detailing design defect claims.[6] *Falk v. Keene Corp.*, 782 P.2d 974, 978-79 (Wash. 1989). Washington courts have found "the Legislature did not intend to engraft ordinary negligence principles onto the law of design defect product liability claims." *Id.*

Plaintiff implies that surgical mesh has been used to repair hernias since the late 1950s. ECF No. 1 at 4. However, Plaintiff also pleads the ProLite mesh did not receive FDA approval until December 16, 1993. ECF No. 1 at 6. Moreover, Plaintiff acknowledges the purported change in the ProLite mesh's design or manufacture which caused him harm did not occur until the mid-2000s. ECF No. 1 at 6. Accordingly, the events in question did not substantially occur until at least after 1993, if not until the mid-2000s. Because the events that are alleged to have caused Plaintiff harm occurred after 1981, Plaintiff's negligence claim is barred by the WPLA's preemption. The Court grants Defendants' motion to dismiss on Plaintiff's negligence claim.

_____

[6] Section 7.72.030(1) states, "A product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided."

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 16

*7.  Punitive Damages are Barred as a Matter of Law*

Plaintiff seeks punitive damages, among other awards.  ECF No. 1 at 10-11.

Defendants contend Plaintiff cannot recover punitive damages as a matter of law.

ECF No. 15 at 11-12.  Punitive damages are barred in Washington unless

expressly authorized by statute.  *See Dailey v. N. Coast Life Ins. Co.,* 919 P.2d

589, 590 (1996).  The WPLA does not authorize recovery of punitive damages.

*See* RCW § 7.72 *et seq.*  Plaintiff provides no case law to support his contention

he should be awarded punitive damages, and he provides no opposition to

Defendants' argument that Washington law precludes such an award.  Given that

the WPLA does not expressly authorize punitive damages and Plaintiff failed to

respond to Defendants' argument to dismiss his request for punitive damages, the

Court dismisses Plaintiff's demand.  *Luther*, 2020 WL 12833586 at *3 (dismissing

demand because the WPLA does not expressly authorize punitive damages);

*Laisure-Radke v. Par Pharm., Inc.*, 426 F.Supp.2d 1163, 1174 (W.D. Wash. 2006)

(dismissing demand for punitive damages since Plaintiff did not respond to

Defendant's argument they are prohibited under Washington law); *see White v.*

*Ethicon, Inc.*, No. C20-952 BHS, 2022 WL 326787, at *2 (W.D. Wash. Feb. 3,

2022) (dismissing demand for punitive damages under Washington's choice of

law analysis in an attempt to utilize New Jersey's product liability law); *Baughn v.*

*Johnson & Johnson*, No. C15-5283 BHS, 2015 WL 4759151, at *2 (W.D. Wash.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 17

Aug. 12, 2015) (dismissing demand for punitive damages when Plaintiff asserted claims under the WPLA and New Jersey's products liability statutes).

## B. Leave to Amend Pleadings

Plaintiff seeks leave to amend the Complaint to rectify the deficiently pled claims. When a claim is dismissed under Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, unlike in *Cook*,[7] Plaintiff may be able to cure the Complaint with additional factual allegations. Thus, the Court

---

[7] In *Cook*, the district court determined that the pleading could not be cured by the allegation of other facts. 911 F.2d at 247. There, the plaintiff raised a false advertising claim, which required, among other things, that the advertisement at issue was a factual representation rather than mere "puffery." *Id.* at 244-45. The district court determined that the advertisement "d[id] not contain the kind of detailed or specific factual assertion[]" required of a false advertising claim. *Id.* at 246. Because an essential element of the plaintiff's claim could not be established, the cause of action was legally deficient. *Id.* at 247. Thus, the complaint could not be cured by any additional facts. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 (b)(6) MOTION - 18

1 | grants Plaintiff leave to amend the claims of manufacturing defect, failure to warn,

2 | breach of warranties, and negligent misrepresentation.

3 | **CONCLUSION**

4 | Plaintiff has sufficiently pled a claim of design defect such that it survives

5 | Defendants' Rule 12(b)(6) motion. Plaintiff has failed to meet the threshold set

6 | forth in *Iqbal* and *Twombly* to support his claims of manufacturing defect, failure

7 | to warn, and breach of warranties. Plaintiff also failed to meet the heightened

8 | pleading under Rule 9(b) to establish a claim of negligent misrepresentation.

9 | However, the Court grants Plaintiff leave to amend his deficient pleading.

10 | Additionally, Plaintiff's allegation of negligence and demand for punitive

11 | damages are dismissed as a matter of law.

12 | Accordingly, **IT IS HEREBY ORDERED**:

13 | 1. Defendants' Rule 12(b)(6) Motion, **ECF No. 15**, is **GRANTED IN PART**

14 | and **DENIED IN PART**.

15 | a. Plaintiff's claim asserting common-law negligence is **DISMISSED with**

16 | **prejudice**.

17 | b. Plaintiff's demand for punitive damages is **DISMISSED with**

18 | **prejudice**.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 19

1    c. Plaintiff's claims of manufacturing defect, failure to warn, breach of

2    warranties, and negligent misrepresentation are **DISMISSED without**

3    **prejudice.**

4    2. Plaintiff is **GRANTED** leave to amend the claims of manufacturing defect,

5    failure to warn, breach of warranties, and negligent misrepresentation.

6    3. Plaintiff may file such an amendment by **November 23, 2022.**

7    **IT IS SO ORDERED**.  The District Court Executive is directed to file this

8    Order and provide copies to counsel.

9    DATED November 10, 2022.

10    _s/Mary K. Dimke_
      MARY K. DIMKE
11    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RULE 12 (b)(6) MOTION - 20